OLIVER W. McKEEBY, PLAINTIFF-RESPONDENT, v. WILLIAM LEWIS ARTHUR, DEFENDANT-APPELLANT.

Argued April 23, 1951—Decided May 21, 1951.

*Mr. David H. Harris* argued the cause for respondent.

*Mr. Hiram Elfenbein* argued the cause for appellant (*Mr. C. Gerson Isenberg,* attorney).

The opinion of the court was delivered by

CASE, J.  The appeal was to the Appellate Division of the Superior Court and comes to us on our own motion.  It turns chiefly upon matters arising out of an agreement to arbitrate.

Plaintiff and defendant entered into a contract which contained this clause:

"It is hereby agreed that any matter arising hereunder, which cannot be mutually agreed to between the Contractor and Owner shall be settled by reference to two indifferent persons, one to be named by each of the parties, with power for such persons to appoint an umpire in case of their disagreement; and the award of said two persons or umpire shall be final and conclusive."

Differences arose between the parties, whereupon defendant demanded that the dispute be arbitrated pursuant to the terms of the contract, and in October, 1948, the parties each named an arbitrator. The two arbitrators, without awaiting a disagreement, proceeded to appoint an umpire. There was a long, unexplained interval, but a joint and unanimous report of the arbitrators and the umpire, dated November 18, 1949, determined that the plaintiff was indebted to the defendant in the sum of $2,181.90. Meanwhile, on November 9, 1949, more than a year after the submission to arbitration, plaintiff had filed his complaint in the Superior Court, Essex County, in the present suit, claiming damages for an alleged breach of the contract. The defendant, on December 2, 1949, gave notice that on December 9 he would move to stay the law suit, pending the confirmation of the arbitrators' award, and would also move for a transfer of venue. On December 14, 1949, an order was made transferring the cause to the Superior Court in Morris County and directing that the trial of the proceeding be stayed pending the confirmation of the arbitrators' award and that the defendant file his answer, but that his filing of the answer would not waive his right to proceed with the confirmation of the arbitration award. Defendant then, December 23, 1949, filed his answer in the suit setting up as a separate defense that the arbitration agreement was a bar to the plaintiff's action. At the same time defendant filed a counterclaim (not conditioned upon the arbitration or an award therein) containing three counts, wherein he demanded judgment for $2,500, $512 and $200 respectively. Plaintiff's reply to the defendant's answer and answer to the defendant's counterclaim were filed on January 9, 1950. On March 3, 1950, the parties were

heard on motions by the defendant to confirm and by the plaintiff to vacate the award of the arbitrators, and on April 13, 1950, the court made an order vacating the award and also vacating the stay in the law suit. The pretrial conference was on June 27, 1950. The cause came on for trial in October, 1950, and resulted in a jury verdict for $6,000 in favor of plaintiff. On defendant's motion for a new trial the court found that the verdict was excessive and should be set aside unless reduced to the sum of $3,000. Plaintiff made written consent to that reduction. On November 16, 1950, judgment was entered for $3,000.

- The present appeal bears date November 29, 1950, was filed December 1, 1950, and is, in express language, from the final judgment of $3,000 entered November 16, 1950.

Appellant's first point is that the trial court erred in setting aside the award. The order vacating that award was made more than seven months before the appeal, which places the appeal out of time as to it unless, as appellant contends, the order does not operate as a judgment and is to be considered as an inconclusive step in the law action and consequently within the reach of the appeal from the judgment in that action.

■ ■ The arbitration proceedings were wholly aside from the law action. They were instituted in October of 1948. The action at law was begun more than a year later. The arbitration arose out of contract, *R. S.* 2:40–10, *et seq.*, and was instituted by the parties without court order. The cross-motions made to confirm and to vacate the award were in accordance with the statute, *R. S.* 2:40–18 and –19; and, likewise under the statute, present appellant could have appealed from the order vacating as from an order or judgment in an action, *R. S.* 2:40–25; *Deakman v. The Odd Fellows Hall Assn.*, 110 *N. J. L.* 304 (*E. & A.* 1932), *Rahway v. Cleary*, 10 *N. J. Misc.* 545 (*Sup. Ct.* 1932), affirmed 109 *N. J. L.* 348 (*E. & A.* 1932), within 30 days after it was entered, *Rules* 1:2–5(*e*) and 4:2–5. The present appeal was too late to be effective even if the order had been specifically

named. Since the appeal does not embrace the order setting aside the award, the legality of the order is not before us.

Appellant's second point is that the court below had no jurisdiction to hear the case for breach of contract and could not acquire jurisdiction by waiver or consent. The argument is based upon the contractual undertaking to arbitrate, already referred to, plus the added circumstance that at the trial, at the close of plaintiff's case, defendant made this presentation:

> "I respectfully urge that before this Court can properly hear this case that it be sent to arbitration. This matter was on and was heard by arbitrators and an award was made. The award was set aside by Judge Smalley on a technical ground in that, as I recall his reason, there were three arbitrators instead of the language used in the contract, 'two.' On that ground, I respectfully urge that the Court at this moment is without jurisdiction until such time as this matter is properly arbitrated by a board of arbitrators and their award properly before our legal tribunals, whether for confirmation, modification, or whatever ruling concerning the arbitration that may be had."

It is to be noted, however, that the motion under which and in support of which this discussion took place was for a "direction," apparently a dismissal under *Rule* 3:41–2; and that the court denied the motion.

■■ The provision in the agreement to submit to arbitration was not, we think, under the circumstances of the case, a bar to the plaintiff's action. The parties had, in accordance with that agreement, unsuccessfully undertaken to settle their differences by arbitration. The authority of the appointed arbitrators terminated with the completion of the award notwithstanding the award as completed was not valid, *Flannery v. Sahagian*, 31 N. E. 319, 134 N. Y. 85 (*N. Y. Ct. of Appeals* 1892), *Smith v. Smith*, 28 Ill. 56 (*Ill. Sup. Ct.* 1862); since the court in its discretion did not direct a rehearing, *R. S.* 2:40–19, *Held v. Comfort Bus Line, Inc.*, 136 N. J. L. 640 (*Sup. Ct.* 1948); cf. *Goerke Kirch Holding Co. v. Goerke Kirch Co.*, 116 N. J. L. 427 (*E. & A.* 1936). Defendant did not, upon the vacating of the award, move

under *R. S.* 2:40–12 for an order directing the other party to arbitrate. He rested upon two positions: (1) He demanded and was granted a stay of the trial in the action at law pending the disposition of the motion to confirm the arbitrators' award, and (2) he made, in his answer, the passive assertion that the arbitration agreement was a bar. The request for a stay was granted and disposed of. As against whatever virtue his second position might otherwise have had, he proceeded, over a period of six months, to assert and to press by action at law his own claim for damages against the plaintiff, a course inconsistent with the exclusion of a law action and clearly a waiver of arbitration. His objection at the trial was the first suggestion of a demand for further arbitration. He had passed in silence through the pretrial conference and through the two and one-half days of the plaintiff's case.

When an arbitration has gone to an award and the award stands impeached and set aside without fault by the claimant and without appropriate and timely effort by the parties, or one of them, toward reinstatement of the arbitration, the parties are thereby relegated to their former rights and remedies and an action will lie on the underlying demand. *Held v. Comfort Bus Line, Inc., supra; cf. Goerke Kirch Holding Company v. Union County Circuit Court,* 14 *N. J. Misc.* 624 (*Sup. Ct.* 1934), affirmed *sub nom. Goerke Kirch Holding Company v. Goerke Kirch Company,* 116 *N. J. L.* 427 (*E. & A.* 1936); *Burroughs v. Thorne,* 5 *N. J. L.* 777 (*Sup. Ct.* 1820).

The argument is that the agreement to arbitrate is a continuing ouster of court jurisdiction, and that since an objection to jurisdiction over the subject matter is effective whenever made, for the reason that consent of the parties cannot grant jurisdiction to a court which has not that authority, therefore the trial court erred in its ruling. In support citation is made of *Simone v. Judge of the District Court,* 134 *N. J. L.* 289 (*Sup. Ct.* 1946), wherein it was said, "It is well established that jurisdiction over the subject

matter cannot be waived or conferred by consent or lack of objection thereto." The settled principle thus enunciated does not touch our issue. The action is for damages on breach of contract, a subject matter fully within the jurisdiction of the Superior Court. In jurisdictions like our own, where consent arbitration is authorized and approved by statute, the courts will, on proper occasion, hold the parties to their undertaking, not because the subject matter of the controversy is outside of jurisdiction, but in recognition and enforcement of the agreement of the parties. And where the parties expressly or by implication waive or revoke the agreement to arbitrate, or are in default in proceeding with the arbitration, the right to a suit at law revives, not because of any change in the court's jurisdiction, but because the parties, by action or inaction, have departed from their agreement; or, to put it another way, such bar to the exercise of jurisdiction as arises out of the agreement to arbitrate may be lifted by the consent or waiver of the parties. Indeed, it was held in *Knaus v. Jenkins*, 40 *N. J. L.* 288 (*Sup. Ct.* 1878), under the common law practice, that the pendency of an arbitration proceeding was not a bar to the institution of a concurrent action in the law courts for the same subject matter. An arbitration agreement is a contract, *Goerke Kirch Company v. Goerke Kirch Holding Company*, 118 *N. J. Eq.* 1 (*E. & A.* 1934), and is subject, in general, to the legal rules governing the construction of contracts. *R. S.* 2 :40–19, *supra*, which gives the court *in discretion* the authority to direct a rehearing by arbitrators after the vacating of an award, assumes by its wording that the court is not without jurisdiction; because if the court has discretion either to grant or to deny, it must be that the denial to renew the arbitration anticipates procedure by legal action. Defendant's objection, stated late in the trial of the law action, was not an appropriate motion but merely an assertion that the court was without jurisdiction until such time as the matter was properly arbitrated. It is within the function of the parties to an agreement to waive or revoke an arbitration provision,

even initially, if they choose to do so; *a fortiori*, when the parties have resorted to arbitration and met with a dispositive order without seasonably asserting a desire to continue that procedure. It is generally considered that the bringing of an action at law is a revocation of an agreement to arbitrate, and although our former Supreme Court, in *Knaus v. Jenkins, supra*, held that a suit at law by one of the parties was not a revocation, we are of the opinion that the bringing of action by both parties on the subject matter of the agreement manifests a mutual change of mind and does accomplish a revocation. When all parties to an agreement to arbitrate elect to prosecute their respective claims by actions at law, and institute and carry forward the course thus elected, the logical, indeed the necessary, result of that course is an abandonment of arbitration and a revocation of the agreement to pursue that form of adjudication. *R. S.* 2:40–10, taken bodily from the New York statute, provides that a written agreement to submit to arbitration shall be irrevocable except upon such grounds as exist at law or in equity for the revocation of a contract; however the word "irrevocable" as there used has been construed by the New York Court of Appeals to mean that the agreement cannot be revoked at the will of one party to it, not that it cannot be revoked by the mutual consent of the parties. *Zimmerman v. Cohen, 139 N. E.* 764, *236 N. Y.* 15 (1923). *American Sugar Refining Co. v. The Anaconda, et al.,* 138 *Fed.* 2d 765 (*Circ. Ct. of Appeals, 5th Circuit* 1943), passing upon an agreement to arbitrate under the United States Arbitration Act, 9 *U. S. C. A.* § 8, held that such an agreement may be repudiated, waived or abandoned by one or both of the parties, and that if one party should attempt to repudiate the other had the right to plead the agreement and to obtain its enforcement, but that the agreement did not oust the jurisdiction of the court to entertain the suit.

Appellant's objection, stated at the trial, may not be considered a motion under *R. S.* 2:40–14 for stay of action pending further arbitration, because, first, no notice was given of

the making of such a motion, and, second, the movant was in default; and it may not be considered an application for an order under *R. S.* 2 :40–12 to proceed with the arbitration, because there was lacking the five days' notice mandatorily required by the statute; this in addition to the obvious fact that the objection was not so stated but was a motion to end the action at law.

For the several reasons stated we find, as to defendant's separate defense pleaded in his answer, that the arbitration agreement was not, under the facts of the case, a bar to plaintiff's action.

It is next said by the appellant that the court erred in permitting hearsay testimony of plaintiff's witness over objection. The witness was asked the question:

"Q. Now, will you go through your estimate, Mr. Taberner, item by item? \* \* \*

A. \* \* \* Cold air duct to be installed on furnace in accordance with the standard codes regulating the installation—

Mr. Isenberg: I object, if your Honor please—

A. (Continuing)—of warm air heating systems in residences.

Mr. Isenberg: I object, your Honor. He is no plumber."

We have examined that immediate testimony and also that of the context. We consider that the character of the testimony, as measured by the particular objection stated to the court by the attorney, left the ruling without reversible error.

Finally, it is said that the court erred in its pretrial conference and at the trial in ordering the exclusion of all arbitration matters. Our attention is called to no ruling of that nature at the trial. The pretrial order directed that "affidavits and report of arbitrators, notices of motions, and so forth, are not to be used in the trial." The order is signed by both attorneys and bears no indicia of dissent from any of the provisions. It is not perceived how any of the items excluded by the order would have relevancy under our decision that the order vacating is not under appeal.

We find no error in any of the points advanced by the defendant and conclude that there should be an affirmance of the judgment under appeal, with costs.

*For affirmance*—Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—5.

*For reversal*—Chief Justice VANDERBILT and Justice HEHER—2.