John **HENRY**, Plaintiff,

v.

**UNITED STATES TRUCKING CORPORATION**, Defendant.

**Civ. A. No. 1048-57.**

United States District Court
D. New Jersey.
April 9, 1958.

Bracken & Walsh, John J. Bracken, Newark, N. J., for plaintiff.

Harry Steiner, Newark, N. J., and Zelby & Burstein (New York Bar), New York City, Herbert Burstein (New York Bar), New York City, of counsel, for defendant.

WORTENDYKE, District Judge.

The jurisdiction of this Court is rested upon diversity of citizenship of the respective parties and the pleaded representation that the requisite minimum amount is involved.

Defendant moved to dismiss the original complaint under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., but before the motion was decided, plaintiff filed an amended complaint. The amended complaint has now been attacked by a similar motion upon which briefs have been submitted and argument heard. This opinion embodies the Court's decision upon the latter motion.

Plaintiff alleges that he was employed by defendant as a truck driver and in that capacity was also a member in good standing of Local 641 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (Union), which was recognized by the defendant as the collective bargaining agent for its employees. Annexed to the original complaint and incorporated by reference in the amended complaint are certain excerpts from the collective bargaining contract between the employer and the Union, in effect at the times referred to in the complaint, but the entire contract is not presently before the Court. Plaintiff further alleges that through collusion with the Union, defendant was able to and did maliciously and without just cause discharge the plaintiff from his employment on June 20, 1956, in consequence whereof plaintiff lost his seniority, his wages, and has since been unable to secure employment with equivalent seniority.

It is further alleged by the plaintiff that the Union brought the matter of his discharge from employment to arbitration on January 24, 1957, that he appeared at the hearing before the Arbitrator, but without representation, and that the Arbitrator determined that plaintiff had quit his job with defendant by failing to report for work for the defendant and by commencing employment by another employer on June 21, 1956. Claiming that the Arbitrator was without jurisdiction because of failure of a condition precedent to arbitration prescribed by the Union contract, and that the finding of the Arbitrator was not warranted by the evidence, plaintiff prays:

(a) for a vacation of the Arbitrator's award;

(b) for plaintiff's restoration to his employment and for back pay; and

(c) for damages for the alleged wrongful discharge.

Defendant's motion to dismiss is grounded upon its assertions:

(a) that the amended complaint fails to state a claim upon which relief can be granted;

(b) that plaintiff has failed to join indispensable parties; and

(c) that this Court lacks jurisdiction over the subject matter of the action.

The excerpts from the Union contract above referred to may be summarized as follows:

(1) In case of a dispute between employer and employee, representatives of employer and Union shall attempt to adjust the controversy. If such adjustment fails, the dispute shall be submitted to the Trucking Authority of North Jersey, composed of Union and employer representatives. If the Authority is unable to reach a decision, the controversy shall be submitted to an Impartial Arbitrator selected by the parties, or if they cannot select one, to an Arbitrator appointed by New Jersey State Mediation Board. The decision of the Authority or Impartial Arbitrator shall be final and binding upon all parties.

(2) In case of a dispute involving the discharge of an employee it shall first be taken up as a grievance between Union and employer. Failing settlement there, the Union may have seven days after discharge to initiate arbitration. The discharged employee is given the right to be present at the arbitration proceedings, and if it is found that he has been wrong-

fully discharged he shall be reinstated with back pay for time lost.

(3) The employer shall not discharge nor suspend an employee without just cause, and the only causes for immediate discharge shall be: (a) proven theft during working hours; (b) proven drunkenness; (c) proof of being under the influence of liquor or drugs during working hours; (d) calling an unauthorized strike; (e) assault upon employer or his representative during working hours; (f) failure to report an accident; (g) proven recklessness resulting in serious accident while on duty; (h) carrying of unauthorized passengers on truck while on duty.

(4) Employee must report for work on time. If unable to so report, he must notify the dispatcher or supervisor of his inability, and state reasons therefor, not later than 9:00 p. m. previous to time of assignment. When absence is due to sudden illness or emergency, central dispatcher must be notified not later than one hour prior to designated starting time.

(5) Senior men shall have preference in starting time to work at job yielding highest pay if qualified. Senior employees shall have preference to choose shift, but continuous habitual absence from work without good cause' shall be reason for disciplinary action or dismissal.

Under the caption "Exhibit 'D'" annexed to the amended complaint plaintiff excerpts certain questions and answers put and given at the hearing before the Arbitrator as an epitomization of the evidence upon which the plaintiff charges that the Arbitrator based his finding that the plaintiff had quit his job by working for another on June 21, 1956.

Defendant presents its argument on this motion under five points:

1. This Court is without jurisdiction over the subject matter because jurisdiction to grant the relief sought is limited to the Courts of New Jersey;

2. Plaintiff's right to relief, if any, is confined to the remedies prescribed by the Union agreement;

3. Complaint fails to state a claim upon which relief may be granted because it contains no allegation of a breach of a contract of employment between the parties;

4. The Union is an indispensable party, without the joinder of which the complaint must be dismissed; and

5. Jurisdiction over the matters alleged in the complaint resides exclusively in the National Labor Relations Board.

■■ In determining the sufficiency of the complaint to withstand the present motion under Rule 12(b), the complaint must be liberally construed in a light most favorable to the plaintiff and all doubts must be resolved in his favor. Tobin v. Chambers Const. Co., D.C.Neb. 1952, 15 F.R.D. 47. Since plaintiff has incorporated by reference in his amended complaint excerpts from the Union contract between his Union and his employer, and has annexed physically to his amended complaint what purports to be a portion of the transcript of the record of proceedings before the Arbitrator, we must consider these exhibits in conjunction with the pleaded matter in determining the sufficiency of the amended complaint. At the outset it appears that upon his discharge the plaintiff became entitled to the benefit of a grievance procedure in three successive steps, viz.:

(1) by negotiation between the employer and the Union;

(2) by review before the Trucking Authority of North Jersey; and

(3) by arbitration before an Impartial Arbitrator.

From the complaint it appears that step number 3 was the only step of the foregoing three which has been taken, and it has resulted in an award in the form of a finding that plaintiff terminated his employment with defendant by commencing employment with another employer. Plaintiff alleges, however, that the Arbitrator lacked jurisdiction, presumably

because steps numbered 1 and 2 were not taken in advance of the arbitration, and also, that in any event the finding of the Arbitrator was not justified by the evidence presented to him. Accordingly, the plaintiff asks this Court to set aside the award.

█ This prayer for relief brings us immediately face to face with the question of this Court's jurisdiction of the subject matter of the action. It is the impression of the Court, gleaned from the oral argument, that both parties concede that the arbitration, which was admittedly had in this case, was not invoked or pursued under the Federal Arbitration Act (9 U.S.C. § 1 et seq.). Roughly paralleling the provisions of that (Federal) Act are the provisions of the New Jersey Statute (N.J.R.S. 2A:24-1 et seq., N.J.S.A.), relating to arbitration and award. While the complaint here under consideration does not expressly allege that the arbitration therein referred to was invoked and pursued in accordance with the New Jersey Statute, the provisions of that enactment constitute a codification of the law of that State relating to arbitration. Accordingly, it is at this point appropriate to examine the allegations of the present complaint in the light of the common law of New Jersey and of the provisions of the New Jersey Act. Since the Union contract with plaintiff's employer was made and to be performed in New Jersey, the substantive law of that State must "* * * determine the requirements of (this) cause of action, the interpretation of the contract and the measure of damages to be applied." Transcontinental & Western Air, Inc. v. Koppal, 1953, 345 U.S. 653, 656, 73 S.Ct. 906, 908, 97 L.Ed. 1325. This Court's jurisdiction is invoked through 28 U.S.C. § 1332, and it must apply the laws of New Jersey "* * * whether the law of the state shall be declared by its Legislature in a

statute or by its highest court in a decision * * *."[1] Erie R. Co. v. Tompkins, 1937, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188; Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Therefore, such rights as plaintiff acquired through his status as defendant's employee are governed and limited by the contract between his Union and the employer. Jorgensen v. Pennsylvania R. Co., 1958, 25 N.J. 541, 138 A.2d 24.

█ I cannot agree with defendant's contention that "the only possible basis for jurisdiction in this Court is the United States Arbitration Act (9 U.S.C. § 1 et seq.) * * *." The right or duty to arbitrate in this case arises out of the Union contract. Machine Printers Beneficial Association of United States v. Merrill Textile Print Works, Inc., App. Div.1951, 12 N.J.Super. 26, 78 A.2d 834. The contract here mentions neither the Federal Arbitration Act nor that of New Jersey (N.J.R.S. 2A:24-1 et seq., N.J.S.A.). Neither of these Acts is referred to in the complaint. The Federal Act is rendered inapplicable by the provisions of 9 U.S.C. § 1. The arbitration provisions here considered are contractual. The rights and duties of the parties created by the agreement are within the purview of equity jurisdiction. Hoboken Mfrs. R. Co. v. Hoboken R. R., etc., Co., Ch.1942, 132 N.J.Eq. 111, 27 A.2d 150, affirmed E. & A.1943, 133 N.J.Eq. 270, 31 A.2d 801; Machine Printers Beneficial Association of United States v. Merrill Textile Print Works, Inc., supra.

In Goerke Kirch Co. v. Goerke Kirch Holding Co., E. & A.1935, 118 N.J.Eq. 1, at page 4, 176 A. 902, at page 904, it was said that:

"A submission to arbitration is essentially a contract. * * * The authority of the arbitrators is derived from the mutual assent of the parties to the terms of submis-

1. The federal courts must also adopt State law from an intermediate appellate court and even from a *nisi prius* court in absence of persuasive evidence that the highest State court would rule other-

wise. King v. Order of United Commercial Travelers, 1947, 333 U.S. 153, 158, 68 S.Ct. 488, 92 L.Ed. 608; Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109.

sion; the parties are bound only to the extent, and in the manner, and under the circumstances pointed out in their agreement, supplemented by the pertinent provisions of the arbitration act, and no further. They have a right to stand upon the precise terms of their contract." [2]

More recently, in McKeeby v. Arthur, 1951, 7 N.J. 174, at pages 181–182, 81 A.2d 1, at page 4, the principles stated in Goerke were restated as follows:

"In jurisdictions like our own, where consent arbitration is authorized and approved by statute, the courts will, on proper occasion, hold the parties to their undertaking, not because the subject matter of the controversy is outside of jurisdiction, but in recognition and enforcement of the agreement of the parties. * * * R.S. 2:40–10, N.J. S.A., taken bodily from the New York statute, provides that a written agreement to submit to arbitration shall be irrevocable except upon such grounds as exist at law or in equity for the revocation of a contract; however the word 'irrevocable' as there used has been construed by the New York Court of Appeals to mean that the agreement cannot be revoked at the will of one party to it, not that it cannot be revoked by the mutual consent of the parties."

In the case before us, plaintiff apparently seeks to evoke the common law equitable jurisdiction of this Court independently of the New Jersey statute to achieve a vacation of the award, rendered pursuant to the concededly governing contract, which provided, *inter alia*, that such award should be final and binding on all parties. Reverting to Goerke, supra, further language, 118 N.J.Eq. at page 6, 176 A. at page 905, stands in the way of the objective sought:

"A court of equity is not vested with arbitrary power; it does not

rise above the law; nor can it substitute terms for those made by the parties to a contract. * * * Neither a court of equity nor of law can vary men's wills or agreements, or (in other words) make wills or agreements for them. * * * One court ought not to extend, nor the other abridge, a lawful provision deliberately settled by the parties, contrary to its just intent. Both courts will equitably construe, but neither pretends to control or change, a lawful stipulation or engagement. * * * 'It is entirely beyond the power of any judicial tribunal to make a contract for litigants, or compel them to make a contract with each other * * *. No court has power to make a contract for persons *sui juris,*' * * *"

In the complaint here under consideration there is no allegation that the parties to the Union contract were not *sui juris* and competent. Neither is there any allegation that there was any fraud, overreaching, or other inequitable conduct inducing the provision for the finality of the arbitration award. Assuming as true, however, the allegations of the complaint that the arbitration award was not supported by the evidence, plaintiff has failed to avail himself of the means of review within the period and by the procedure prescribed by the New Jersey Arbitration Law in contemplation of which it must be presumed that the Union contract was entered into. N.J. R.S. 2A:24–1, N.J.S.A., recognizes the validity, enforceability and irrevocability (except upon legal or equitable grounds for the revocation of a contract) of a written contract to settle a controversy by arbitration. Section 2A:24–3 provides a method for securing the specific performance of such a contract; and the following section, 2A:24–4, authorizes the stay of an action based upon a controversey which the parties have agreed to resolve by arbitration. Section

---

**2.** The Arbitration Act under purview was Chapter 134 of the New Jersey Laws of 1923, subsequently embodied in Section

2:40–10 et seq., now 2A:24–1 et seq., of the Revised Statutes of New Jersey, N.J. S.A.

2A:24-7 of the Act provides in pertinent part:

"A party to the arbitration may, within 3 months after the award is delivered to him, unless the parties shall extend the time in writing, commence a summary action in the court aforesaid (the Superior Court or the County court of the county where either party resides) for the confirmation of the award or for its vacation, modification or correction."

Since the amended complaint here alleges that the award was not delivered to the plaintiff until February 1958, less than three months from the noticing and argument of this motion, plaintiff is still within time to apply to the Superior or County court for vacation, modification or correction of the award. The grounds for the vacation of such an award are prescribed by the New Jersey Act (N.J.R.S. 2A:24-8, N.J.S.A.). It is not the purpose of this Court in this opinion to determine whether or not the allegations of the amended complaint state a sufficient ground for the vacation of the award under the last cited statutory section. Collingswood Hosiery Mills v. American, etc., Workers, App. Div.1954, 31 N.J.Super. 466, 107 A.2d 43; Ansco Products Corp. v. T. V. Products Corp., App.Div.1952, 23 N.J.Super. 116, 92 A.2d 625. Therefore, if we look to the Union contract, without reference to the New Jersey statute, we must conclude that the award complained of is conclusive upon the parties. If, however, the New Jersey statute creates or recognizes in the plaintiff a right and forum for the vacation of the award, the plaintiff must have recourse to the prescribed proceeding in that forum for that purpose. In any event, this Court is without jurisdiction, on the face of the allegations of the complaint and the provisions of the Union contract incorporated by reference therein, to vacate the arbitrator's award. Hoboken Mfrs. R. Co. v. Hoboken R. R., etc., Co., supra; Goerke Kirch Co. v. Goerke Kirch Holding Co., supra; Collingswood Hosiery Mills v. American, etc., Workers, supra; Ansco Products Corp. v. T. V. Products Corp., supra. As long as the award remains unvacated it is effective between the parties to the Union contract and binding upon the plaintiff for whose benefit the contract was made. The amended complaint, therefore, fails to state a claim upon which relief may be granted at this time by this Court. This conclusion is inescapable because the Union contract upon which the plaintiff's employment relationship with the defendant depended, prescribed an exclusive remedy for the plaintiff for his alleged improper discharge by the defendant.

Plaintiff does not impugn the validity of the Union contract nor does he claim that it is not binding upon him as well as upon the defendant. He pleads no breach of the contract by the Union, and, therefore, the defendant cannot be heard to contend that the Union is an indispensable party to this action.

It is unnecessary for me to consider defendant's contention that the matters in difference alleged in the amended complaint are exclusively within the jurisdiction of the National Labor Relations Board. Until the plaintiff has exhausted his remedy before the Superior Court of New Jersey, or a County Court thereof, under the provisions of the New Jersey Arbitration Act, he is not entitled to maintain the present action, which may be maintainable where it appears that exhaustion of administrative remedies pursuant to the contract would prove to be futile, illusory or vain. Jorgensen v. Pennsylvania R. Co., supra; McKeeby v. Arthur, supra; Hoboken Mfrs. R. Co. v. Hoboken R. R., etc., Co., supra; Goerke Kirch Co. v. Goerke Kirch Holding Co., supra.

If the plaintiff fails to secure vacation of the arbitration award in the New Jersey statutory forum, the award will stand as an effective barrier to recovery of damages for discharge in an action either in a New Jersey court or in this Court. If the award is vacated, and

diversity of citizenship between the present parties persists, the door of this Court is not closed to the plaintiff, but no opinion is now expressed respecting the availability of relief in this Court under such circumstances.

Defendant's motion to dismiss the amended complaint is granted and an order may be presented in conformity with the views expressed in this opinion.