**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0816-17T4

MONIQUE BROWNLEE,

    Plaintiff-Appellant,

v.

TOWN SPORTS INTERNATIONAL
HOLDINGS, INC. and MAJORIE
RAMOS,

    Defendants-Respondents.

_____

Submitted August 30, 2018 – Decided January 8, 2019

Before Judges Rothstadt and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0367-17.

Law Offices of David S. De Berry, and Matthew Presseau (Miki Dixon & Presseau, PLLC) of the New York bar, admitted pro hac vice, attorneys for appellant (David S. De Berry and Matthew Presseau, on the briefs).

Gordon & Rees, LLP, attorneys for respondents (Michael S. Hanan, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiff Monique Brownlee appeals from the September 11, 2017 order of the Law Division dismissing her complaint and compelling her to submit her employment discrimination claims to arbitration. We affirm.

The following facts are taken from the record. Defendant Town Sports International Holdings, Inc. (TSI) operates fitness centers in New Jersey, and elsewhere. Defendant Marjorie Ramos is the Vice President, Field Human Resources, of TSI. Brownlee was hired by TSI in a management position on January 28, 2011. TSI terminated her employment on August 19, 2016, for what it described as poor performance, undocumented absences, and insubordination.

On January 24, 2017, plaintiff filed a complaint against TSI and Ramos alleging racial discrimination and retaliation in violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to –49, and the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 to –16, and intentional infliction of emotional distress. In her complaint, she sought compensatory and punitive damages, as well as attorneys' fees, and other relief.

On March 17, 2017, TSI and Ramos moved to dismiss the complaint and compel arbitration of Brownlee's claims. The trial court scheduled a plenary

hearing to determine whether Brownlee had agreed to arbitrate all claims arising from her employment. Brownlee and Melissa Williams, the Human Resources Director of TSI, testified at the hearing.

On September 11, 2017, the trial court granted defendants' motion. A written statement of reasons accompanied the court's order. Having heard the testimony of the witnesses, and assessed their credibility, the court found that TSI sent Brownlee a written offer of employment on January 28, 2011. The letter did not state that Brownlee was required to arbitrate disputes arising from her employment. In addition, the letter stated that "there are no other agreements, understandings, or representations, whether written or oral . . . with respect to this offer of employment . . . ." However, the letter also stated that Brownlee's employment "will be subject to all Company policies and practices as may currently exist or as may be curtailed, modified or implemented in the sole discretion of the Company." In addition, the court found that Brownlee understood and acknowledged that her employment with TSI was contingent on additional factors, including an onboarding process.

The court found that during the onboarding process, Brownlee electronically signed an acknowledgment receipt providing:

> I understand that by continuing my employment with
> TSI following the effective date of the Dispute

Resolution Rules, I am agreeing that all workplace disputes or claims, regardless of when those disputes or claims arose, will be resolved under the Dispute Resolution Rules binding arbitration program.

The court concluded that although Brownlee could not save a copy of the acknowledgement at the time she signed it, nothing in the record suggests that TSI or Ramos inhibited her ability to save the document. The court accepted Brownlee's testimony that she could not save or print the document, or the TSI handbook referencing the dispute resolution program, because she completed onboarding on a home computer, and did not have a printer. The record contained undisputed evidence that Brownlee and all employees had access to the TSI dispute resolution policy from any TSI network computer, or through a website available to them on the internet.

The court also found that Brownlee, in her position as a manager, when preparing to terminate an employee she supervised, requested proof that the employee had acknowledged receipt of the TSI dispute resolution rules, evidencing her knowledge of the program. In addition, Brownlee advised other employees on how to access the TSI handbook, which references TSI's dispute resolution program. Finally, the court observed that Brownlee acquiesced in being subject to the dispute resolution program by continuing to work for TSI once aware of the program. The court held that it would be "inconsistent to find

4

or infer that a manager was unaware of a policy that he or she directly, indirectly, tacitly or expressly acquiesced in or communicated to subordinates."

Turning to the scope of the arbitration policy, the court concluded that the allegations in Brownlee's complaint fell within the broad scope of the TSI dispute resolution program. The arbitration provision in the TSI handbook provides:

> [i]f (1) your dispute involves a claim under federal, state or local law, (2) you are not satisfied with the results you received through the internal process, and (3) you want to pursue the matter further against TSI, you must file a request for arbitration with the American Arbitration Association ("AAA") to pursue the claim. By accepting an offer of employment or by continuing employment with TSI, you agreed, as a condition of employment that all Covered Claims are subject to arbitration, not trial in court. Covered Claims include all violations or infringements of a legally protected right arising out of or in any way relating to a team member's employment.
>
>     . . . .
>
> You received the Dispute Resolution Rules when they were implemented or when you began your employment with TSI, whichever occurred later. The Dispute Resolution Rules are also available on our intranet – please review them!

"Covered Claims" include "[d]iscrimination . . . on the basis of race, sex, religion, national origin, age, disability or other unlawful basis," "retaliation,"

and "[v]iolations of any common law or constitutional provision, federal, state, county, municipal or other government statute, ordinance, regulation or public policy."

Finally, the court concluded that the terms of the TSI dispute resolution program do not shorten the statute of limitations for Brownlee's LAD claims. TSI requires employees to submit a request for an internal review within the time period allowed by law for the covered claims. A request for arbitration is required within thirty days of the decision on the internal review, or sixty days of the request for an internal review if no decision is issued. Because Brownlee may initiate the internal TSI process at any time within the applicable statute of limitations for her claims, the court concluded that this aspect of the TSI dispute resolution program was legally sound. On September 11, 2017, the court entered an order dismissing Brownlee's complaint with prejudice and compelling her to submit her claims to arbitration. This appeal followed.

On appeal, Brownlee argues that the trial court erred when it concluded that her employment contract included a provision – acceptance of TSI's dispute resolution program – not expressly stated in the January 28, 2011 offer of employment. In addition, she contends that the trial court erred when it admitted evidence of her electronic acknowledgement executed during her onboarding

process, and in its conclusion that her inability to save and print the acknowledgment and TSI handbook did not render her acknowledgment invalid. Brownlee also argues that TSI's dispute resolution rules did not contain an unequivocal waiver of her right to judicial resolution of her claims and truncated the statute of limitations for her claims, that TSI was barred by promissory estoppel from enforcing its dispute resolution program against her, and that her continued employment could not constitute her acceptance of the program.

"[A]rbitration . . . is a favored means of dispute resolution." Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006); see, e.g., Martindale v. Sandvik, Inc., 173 N.J. 76, 84-85 (2002); Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 131 (2001). The Uniform Arbitration Act, N.J.S.A. 2A:23B-1 to -32, provides that agreements to arbitrate are valid unless there are grounds that "exist[] at law or in equity for the revocation of a contract." N.J.S.A. 2A:23B-6. "An arbitration agreement is a contract and is subject, in general, to the legal rules governing the construction of contracts." McKeeby v. Arthur, 7 N.J. 174, 181 (1951) (citation omitted).

"An agreement to arbitrate 'must be the product of mutual assent, as determined under customary principles of contract law.'" Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605-06 (App. Div. 2015) (quoting Atalese v.

U.S. Legal Servs. Grp., LP, 219 N.J. 430, 442 (2014)). "Mutual assent requires that the parties understand the terms of their agreement[,]" and where the "agreement includes a waiver of a party's right to pursue a case in a judicial forum, 'clarity is required.'" Barr, 442 N.J. Super. at 606 (quoting Moore v. Woman to Woman Obstetrics & Gynecology, LLC, 416 N.J. Super. 30, 37 (App. Div. 2010)).

Our review of a trial court's fact-finding is narrowly circumscribed. "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). However, because "[t]he existence of a valid and enforceable arbitration agreement poses a question of law, . . . our standard of review of [that issue] is de novo." Barr, 442 N.J. Super. at 605 (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)); see also Atalese, 219 N.J. at 445-46.

Having carefully reviewed the parties' arguments in light of the record and applicable legal principles, we conclude that the record contains ample evidence supporting the trial court's findings of fact and conclusions of law. There is evidentiary support for the conclusion that Brownlee accepted the TSI dispute resolution program as a contractual term of her employment. The written offer

of employment, upon which Brownlee relies, conditioned Brownlee's employment on existing TSI policies, which included the dispute resolution policy in place at the time that the offer of employment was made. In addition, the record supports the trial court's finding that Brownlee was aware of and enforced the TSI dispute resolution policy in her capacity as a manager. Her continued employment at TSI while aware of the policy supports the trial court's finding of acquiescence by Brownlee.

We conclude that the additional arguments raised by Brownlee are without sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(1)(E), and affirm the September 11, 2017 order of the trial court substantially for the reasons expressed in its written statement of reasons accompanying the order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0816-17T4