## McMURRAY et al. v. BROTHERHOOD OF RAILROAD TRAINMEN et al.

### No. 4585.

Circuit Court of Appeals, Third Circuit.

Dec. 29, 1931.

Van A. Barrickman, of Pittsburgh, Pa., for appellants.

E. B. Strassburger and E. E. McMonigle, both of Pittsburgh, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below William F. McMurray and others, members of a local labor lodge, brought a bill in equity against the Brotherhood of Railroad Trainmen, a corporation of Ohio, and the parent organization of the local organization here concerned. As the case developed, it became clear that what was involved was seniority employment in an interstate railroad run and that the parties in interest in that question were the members of the local lodge in Pennsylvania at one end and the members of a local lodge in Ohio at the other end of the run. The dispute had been eventually carried to the highest tribunal of the Brotherhood and the contention of the Ohio lodge had been there sustained.

On final hearing the court below held: "Plaintiffs have claimed, and their suit is founded thereon, that seniority rights upon the through runs are property rights. If so, this court cannot well make a decree which will wipe out the claimed property rights of the members of Lodge No. 421 [the Ohio lodge] without giving them an opportunity to be heard. The Dennison trainmen are probably not resident within this district, and so cannot be made parties in the instant action. It seems quite possible that they with the present defendants, could be joined in another district; but whether this be correct or not, they are essential parties, and a court of equity can properly make no effective order unless they be joined as defendants. Ex parte Equitable Trust Co. (C. C. A.) 231 F. 571, 592; California v. S. Pac. Co., 157 U. S. 229, 15 S. Ct. 591, 39 L. Ed. 683."

We agree with that view and, therefore, affirm the judgment below.