The facts in the case and the questions in controversy between the parties are fully set forth in the opinion of the learned Vice-Chancellor. The prayers of the bill, after the first, a formal prayer for answer, are (2) that an award of arbitrators be set aside: (3) that an action at law to enforce the award be enjoined: and (4) for a similar injunction against using the award as evidence in the action at law.
We concur in the view expressed by the court below, that the arbitrators did not undertake to be bound by legal principles *Page 271 
and that they were not obligated to be so bound. However, we consider that they rightly decided that the language of the lease was quite broad enough to cover the reimbursement to the lessor of the taxes and impositions mentioned in the award. The language of the lease is that the lessee shall pay "by way of rent for the railroad and property demised * * * all taxes, rates, imposts, duties, charges, licenses and assessments of every nature and description, by whatsoever authority imposed, which may be lawfully levied, imposed or assessed, during the continuance of this lease, (1) upon the demised premises, or (2) upon the Lessor by reason of its ownership thereof and of the appurtenant franchises, or (3) upon the rent by this indenture reserved and which the Lessee may be required to pay thereon or to retain or deduct therefrom under any present or future law wherever enacted, and also all sums which the Lessor is now required, or may hereafter, during the continuance of this lease, be required or become liable, to pay for the possession, exercise, enjoyment or perpetuation of any of its rights, powers, privileges or franchises, appurtenant to the demised premises." It is argued that income taxes, c., were unknown quantities at the time of making the lease in 1906, but the careful language of the lease is evidential of a provision for possible future impositions. The obvious intent of the language was that the rent should be net to the landlord, and that if in the future taxes should be imposed on that rent, the tenant would bear the burden thereof.
The decree of dismissal will be affirmed.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 11.
For reversal — None. *Page 272