**William A. NIX (and 43 Others), Plaintiffs-Appellants,**

**v.**

**SPECTOR FREIGHT SYSTEM, INC., a Corporation, Defendant-Appellee.**

**No. 12601.**

United States Court of Appeals Third Circuit.

Argued Oct. 20, 1958.

Decided Feb. 9, 1959.

Rehearing Denied April 1, 1959.

---

John J. Bracken, Newark, N. J. (Bracken & Walsh, Newark, N. J., on the brief), for appellants.

Herbert Burnstein, New York City (Zelby & Burstein, New York City, Davidson & Miniutti, Jersey City, N. J., on the brief), for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

█ The judgment from which this appeal has been taken is an order dismissing a complaint for failure to join a party deemed indispensable within the meaning and requirement of Rule 12(b)(7), Federal Rules of Civil Procedure, 28 U.S.C.

In their complaint appellants allege that they are employees of the defendant-appellee, Spector Freight System, Inc. as a result of the absorption of the business of their former employer, Mid-States Freight Lines, Inc., in the Spector system. They also are members of Local 478 of the Brotherhood of Teamsters. When Mid-States was absorbed by Spector, Local 478 had a two year labor contract with Mid-States which fixed the terms and condition of appellants' employment. There was a similar contract between Local 478 and Spector. The Mid-States contract contained certain seniority provisions which appellants say remained in full force and effect after they became Spector employees. Nevertheless, according to the complaint, Spector wrongfully disregarded the seniority requirements of the Mid-States contract and, in collusion with Local 478, established an unlawful seniority listing, alternating the names of former Mid-States employees thereon with the names of persons who had been Spector employees before as well as since the merger.

It is further alleged that the union and Spector conspired to breach their duty under the Mid-States labor contract by submitting the question of seniority to arbitration and by deceiving and misleading the arbitrator. This is said to have resulted in an award which wrongfully sanctioned the denial of appellants' seniority rights under the Mid-States contract and gave those whose employment has been continuously with Spector improperly high seniority ratings. All

of these transactions occurred in New Jersey. On the basis of these allegations the complaint prays for "setting aside and vacating the alleged award of arbitration as illegal, exceeding the powers of the arbitration, and the result of a fraudulent conspiracy against" appellants. There is an additional prayer for specific enforcement of seniority rights under the labor contract.

Neither Local 478 nor the Spector employees who gained seniority rights at appellants' expense have been brought into this litigation. Yet, no more than the foregoing statement of the claim here asserted is necessary to make it obvious that the relief sought seriously and intimately affects and concerns them. Appellants cannot have the arbitration award set aside or their contract enforced as they ask unless the court shall deprive the union and certain union members of the benefit of a favorable arbitration award and impose a contrary interpretation of the controlling contract, in derogation of seniority benefits now being enjoyed. Cf. McMurray v. Brotherhood of Railroad Trainmen, 3 Cir., 1931, 54 F.2d 923. Any such effect on interested persons makes their presence or representation essential to the litigation. Cf. Shields v. Barrow, 1854, 17 How. 129, 15 L.Ed. 158; State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421.

▪ From another approach the arbitration award as won by the union, unless and until invalidated, creates or authoritatively declares rights even as a judgment does. See Behrens v. Skelly, 3 Cir., 1949, 173 F.2d 715, 720; Dahlberg v. Pittsburgh & L. E. R. Co., 3 Cir. 1943, 138 F.2d 121, 122. This principle was recognized very early in New Jersey. Hoff v. Taylor, 1820, 5 N.J.L. 957. Yet one who was not even a party to the arbitration proceeding seeks relief which requires the invalidation of the award in a suit in which the beneficiaries of the award are not present or in any way represented. Cf. Washington Terminal Co. v. Boswell, 1941, 75 U.S.App.D.C. 1, 124 F.2d 235, affirmed by an equally divided court, 319 U.S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694; Order of Railroad Telegraphers v. New Orleans, Texas & Mexico Ry. Co., 8 Cir. 1956, 229 F.2d 59, certiorari denied 350 U.S. 997, 76 S.Ct. 548, 100 L.Ed. 861.

We conclude that the court below properly dismissed the action for failure to join the union or its members who were the beneficiaries of the arbitration award.

The judgment will be affirmed.

McLAUGHLIN, Circuit Judge (dissenting).

In sustaining the dismissal of plaintiffs' complaint for its failure to join the union or its members who were the beneficiaries of the arbitration award, the majority completely overlooks, what seems to me, the sound theory and practice of the suit.

At this stage of the case the allegations of the complaint must be accepted as true. They are that in 1957 Mid-States and Spector, two freight lines, were merged. Both companies had labor contracts with the same union local. These were identical with respect to seniority rights and assignment provisions. After the merger the former Mid-States' employees were in fact the senior employees of Spector. Despite this Spector placed them behind the old Spector employees. The union not only supported that action but according to the complaint had itself compiled the seniority list. That operation, under the contract, could only be done by Spector. As a result of the plaintiffs' protest Spector and the union, conspiring to circumvent the legal and contractual rights of the plaintiffs, presented the matter to an alleged arbitration. At that proceeding there was no representation on behalf of the plaintiffs. The true issue of assignment, states the complaint, was never given the arbitrator.[1] The latter found "That *the deter-*

1. The assignment provision reads:
  "This Labor Contract shall be binding upon the successors, heirs, lessees, lessors, and assigns of the parties hereto and shall be binding on the Employer should the Employer move his place of

*mination of the Union* on seniority of employees of Spector in its Newark terminal following the combining of operations of Mid-States and Spector is proper." (Emphasis supplied.)

This suit followed. It is not predicated on the conspiracy between the employer and the union but on plaintiffs' employment rights arising out of the Mid-States' labor contract. That contract[*] was for plaintiffs' benefit. Spector, by its assignment clause, was bound to live up to it. Spector violated that obligation and these plaintiff employees sued to force its performance. Items such as the union and Spector going into a pseudo arbitration with not even a pretense of notice or representation to the old Mid-States employees lend authentic atmosphere to plaintiffs' claim. However, they are not the cause of action. The foundation of the case is the charge that Spector violated the Mid-States' labor agreement to which it had succeeded. Under that contract it had the duty of making up its seniority list. The approval by the union of that final list, as set out in the contract, could not in the instant situation extend further than ascertaining that the placement of the names accurately reflected their payroll seniority. The list Spector adopted deprived the plaintiffs of substantial rights. It made a mockery of the justice to all employees guaranteed by the contract.

I take the view that these plaintiffs here and now are not without remedy. Certainly the circumstances before us in no way qualify to substantially support the arbitration as a judgment under the governing New Jersey arbitration law, N.J.S.A. 2A:24–1 et seq. And in any event that law would not hamper equity's power over such a void award as is charged in the complaint. Hoboken Manufacturers' R. Co. v. Hoboken R. R. Warehouse & Steamship Connecting Co., Ch.1942, 132 N.J.Eq. 111, 27 A.2d 150,

affirmed 133 N.J.Eq. 270, 31 A.2d 801; McKeeby v. Arthur, 1951, 7 N.J. 174, 81 A.2d 1.

The union could not validly make up a new list for the consolidated company. The two existing lists, as properly coordinated by Spector, had to be the final seniority list. The union had no authority to disturb this.

In the circumstances there is no present justification for forcing these men to the ruinous step of suing their own union on this contract claim which is directed entirely at their employer. The union and the employees advanced over plaintiffs might be interested but they are not indispensable parties. The only rights that have been taken away, under the present posture of this litigation, are plaintiffs'. There is not the slightest intimation that in restoring those, any other employees will be wronged. As of now the employees placed above plaintiffs are merely wrongfully occupying plaintiffs' senior status. It would seem therefore that appellants' contention that they are third-party beneficiaries of the labor contract[2] properly suing the particular obligor under that contract who owes them relief is unassailable. They are the persons injured, no one else. And they are entitled to proceed against the one responsible. In re Italian Cook Oil Corporation, 3 Cir. 1951, 190 F.2d 994; Restatement of the Law of Contracts, Section 141(1). Even considering that this action is really one for specific performance by Spector of the contract it had assumed, the governing New Jersey law would not require the union and the members who displaced plaintiffs to be joined. See Pennsylvania & New England R. v. Ryerson, Ch.1882, 36 N.J.Eq. 112, cf. Christiansen v. Local 680, of Milk Drivers & Dairy Employes of New Jersey, Ch. 1940, 126 N.J.Eq. 508, 10 A.2d 168.

Plaintiffs' courage and resourcefulness will not of course legalize their suit but

---

business and/or open another Terminal(s) in Essex and Union Counties, N. J., and other places in New Jersey where no other Local Union of the I.B. of T.C.W. & H. of A. has jurisdiction."

**2.** Cf. J. I. Case Co. v. N. L. R. B., 1944, 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762; Kennedy v. Westinghouse Electric Corporation, 1954, 16 N.J. 280, 285, 108 A.2d 409, 47 A.L.R.2d 1025.

plaintiffs go far beyond that. They make out a cause of action against their employer who has treated them unjustly. They should be allowed to proceed with it.

### Sur Petition for Rehearing

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

### PER CURIAM.

Appellants' petition for rehearing forcefully restates arguments which were clearly advanced on the original briefing and argument of this appeal. Both of the judges who joined in the decision of this court have voted to deny rehearing before the division which decided the appeal. Less than a majority of the circuit judges now in regular active service have voted for rehearing before the court in banc. Judge Maris, having retired from regular active service since he joined in the disposition of this appeal, has voted only on the question of rehearing before the division which decided the appeal. Accordingly, the petition is denied.

McLAUGHLIN, Circuit Judge (dissenting from the denial of petition for rehearing).

I dissent from the denial of the petition for rehearing (which if heard should be heard by the full court) because such action continues a gross injustice to appellants.

This court's affirmance of the dismissal of the complaint prior to any answer being filed arbitrarily brushes aside the sound averments that (1) as third party beneficiaries to the employment contract, plaintiffs are entitled to sue the party who had wronged them and not be compelled to join those who, according to the complaint, are connected with this particular cause solely by reason of having profited by that wrong; (2) the "arbitration", to which the majority ascribes validity, under the only pleading filed in the case to date is declared to be a void thing, the product of a conspiracy to defraud plaintiffs of their rights arising out of the contract.

At this stage of the suit the complaint cannot be dismissed under any sound law or practice. Appellants have clearly stated a proper cause of action, they should be allowed to prove it, if they can.

BIGGS, Chief Judge, and STALEY, Circuit Judge, join in this dissenting opinion.