Anthony V. ALESSANDRINI, a/k/a Tony Aless, Plaintiff,

v.

AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA and Associated Musicians of Greater New York, Local 802, AFM, AFL–CIO, Defendants.

No. 69 Civ. 2280.

United States District Court, S. D. New York.

July 30, 1970.

Godfrey P. Schmidt, New York City, for plaintiff.

Vladeck, Elias, Frankle, Vladeck & Lewis by Stephen C. Vladeck, New York City, for American Federation of Musicians.

Ashe & Rifkin, New York City, for Associated Musicians, Local 802.

MOTLEY, District Judge.

Plaintiff Alessandrini is an orchestra leader and music arranger. He was employed by the Columbia Broadcasting System, Inc. (CBS) as a leader or conductor of a band on the Jack Sterling Radio Show from February 22, 1954 to July 4, 1964 when live music was discontinued. (Pl's Exh. E, p. 3 of 12/24/64 hearing, attached to complaint). The terms and conditions of his employment were at all times governed by agreements between defendant, Associated Musicians of Greater New York, Local 802, AFM, AFL–CIO (Local 802) of which plaintiff was and is a member in good standing, as well as agreements between CBS and the other defendant, the American Federation of Musicians of the United States and Canada (AFM). The agreements provided that the leader or conductor of a band of six men (including the leader or conductor) was to be paid 75% more than the regular salary of a sideman in such a band.

Plaintiff alleges that during the entire period of his employment, he was paid the salary of a sideman rather than the salary of a leader, to which he was entitled under the agreement.

Plaintiff's band consisted of 5 men, including himself, but the star of the show, Jack Sterling, often played the drums along with the instruments played by the 5 band members. His claim, therefore, is that his band actually consisted of six men, instead of five, because Jack Sterling often played the drums during each performance of the ten year span.

After termination of his employment by CBS in July 1964, plaintiff made a demand on CBS for payment of $163,393.05, the amount which he claimed was due him as a result of underpayment for the period involved, plus $990.50 for single engagements.

On December 17 and 24, 1964, a hearing on plaintiff's claim against his employer was held by the Trial Committee of Local 802. (Pl's Exh. E attached to complaint). Plaintiff was represented by counsel. A number of witnesses testified on behalf of plaintiff that Jack Sterling performed on the drums during the shows but did not attend rehearsals. An effort to amicably settle the dispute at this level apparently failed.

Thereafter, in April 1965, plaintiff submitted his claim to arbitration by the AFM. On January 25, 1966, the International Executive Board of AFM made an award in which it denied plaintiff's claim.

Plaintiff did not thereafter take any action to have the award set aside under either state or federal law. Instead, in May 1966, he instituted a suit in the Supreme Court of New York, New York County, against CBS. The case was thereafter removed to this Court by defendants who moved for summary judgment for dismissal on the ground that the AFM arbitration award was final and binding and, therefore, res judicata as to that action. In an opinion filed on February 7, 1967, this Court (Tyler, J.) agreed and dismissed the complaint. Alessandrini v. Columbia Broadcasting System, Inc., 66 Civ. 1708 unreported.

The instant action was filed on May 27, 1969. In the first cause of action, plaintiff alleges that in connection with his claim against CBS, defendants breached their statutory duty to him of fair representation. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). It is claimed that the arbitration proceedings were not genuine arbitration proceedings. It is also claimed

that as a result of defendants' breach of their statutory duty of fair representation, CBS improperly discharged plaintiff, a claim not previously made to the union or at the time plaintiff presented his claim for wages due. In 1964, at the Trial Committee hearing of Local 802, plaintiff stated that his employment was terminated when live music was discontinued by CBS on the Jack Sterling Show.

In a second cause of action it is alleged that defendants breached their contracts with plaintiff (the Constitution and By-Laws of defendants being contracts between them and their members) by their actions with respect to his claim against CBS.

A third cause of action claims that the requirement that union members exhaust all their internal remedies before proceeding in court "against any member, local, or the Federation" denies, in effect, the right of members to sue in the courts and that this requirement defeated plaintiff's right to sue CBS in the action instituted by plaintiff in the state court.

A fourth cause of action claims that defendants, in violation of section 101(a) (5) of the Labor Management Reporting and Disclosure Act, providing safeguards against improper disciplinary action against union members by the union, the defendant unions here "otherwise disciplined" plaintiff by the action complained of in the instant complaint.

Plaintiff seeks a judgment against the defendants on each cause of action for $250,000 in damages.

Defendants have moved to dismiss the instant action on the ground that Judge Tyler's decision is res judicata with respect to this action or plaintiff is collaterally estopped from relitigating in this action his claim against CBS.

The suit against CBS sought to recover damages for alleged breach of conditions of plaintiff's employment under and pursuant to collective bargaining agreements between defendants and CBS. Recovery by plaintiff in his present action, which is essentially that defendants breached their contracts with plaintiff and breached their statutory duty of fair representation, would entail a relitigation of the question whether CBS breached its contract with defendants by failing to pay plaintiff at the rate payable to a leader as opposed to a sideman during his employment from 1954 to 1964. The arbitration award settled that issue against the plaintiff.

This Court has already held, Tyler, J., as set forth, *supra*, that the arbitration award is final and binding. No appeal was taken from Judge Tyler's decision. Judge Tyler ruled that plaintiff, having availed himself of the contractual remedies set forth in the arbitration article which therein are stipulated to be final and binding, "cannot ignore those proceedings and bring . . . suit to obtain the very relief which the arbitration board denied him. See generally, United Steelworkers of America v. Warrior & Gulf Navigation, 363 U.S. 574, 578–579, [80 S.Ct. 1347, 4 L.Ed.2d 1409] (1960); Nix v. Specter [Freight] System, Inc., 264 F.2d 875 (3rd Cir. 1959); Local 453, International Union of Electrical, Radio & Machine Workers [v. Otis Elevator Co.,] 314 F.2d 25, 28 (2d Cir. 1963)."

Plaintiff is, therefore, collaterally estopped from relitigating that issue in this action. Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) (dictum); United States v. United Air Lines, Inc., 216 F.Supp. 709 (E.D.Wash.1942); aff'd and modified on other grounds, United Air Lines, Inc. v. Wiener, 335 F.2d 379 (9th Cir. 1964), cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549.

The motion for summary judgment as to the issue of collateral estoppel is, therefore, granted.

So ordered.