M. A. BERNARD, Plaintiff,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY and United Transportation Union, AFL–CIO, Defendants.

No. 80 C 1573.

United States District Court, N. D. Illinois, E. D.

May 28, 1981.

Narcisse A. Brown and Lloyd S. Kupferberg, Schwartz, Cooper, Kolb & Gaynor, Chartered, Chicago, Ill., for plaintiff.

Ronald A. Lane and John J. Fleps, Chicago, Ill., for Atchison, Topeka and Santa Fe Ry. Co.

John J. Naughton, Henslee, Monek & Henslee, Chicago, Ill., for United Transportation Union, AFL–CIO.

## ORDER

BUA, District Judge.

The matter at bar is an action brought pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* by plaintiff, M. A. Bernard, a railway employee seeking injunctive and monetary relief for alleged violations of the Act. Subject matter jurisdiction of the claim is founded upon 45 U.S.C. §§ 153 First (p) and (q), and Second. Defendants herein are the Atchison, Topeka and Santa Fe Railway Company ("Railroad") and the United Transportation Union, AFL–CIO ("UTU"). Presently before the court are motions by both defendants pursuant to Rule 19, Fed.R.Civ.P., to join various parties, or in the event that service of process cannot be had, to dismiss the action. The defendants contend that a complete determination of the issues raised in the action cannot be made in the absence of two additional parties. The first is W. Snow ("Snow"), the individual who by agreement of the defendants was moved ahead of the plaintiff on the Railroad's seniority list. The second, the Brotherhood of Locomotive Engineers ("BLE"), the plaintiff's union and a party to proceedings which preceded this action.

The facts relevant to this controversy are that plaintiff was hired as a fireman by defendant Railroad on July 3, 1973. His name was placed on the seniority roster for firemen as of that date. Snow, a former employee of the Railroad, was rehired as a fireman on July 11, 1973 and his name was placed after the plaintiff's on the seniority roster. On January 1, 1974, the rankings of Snow and plaintiff were reversed and each was assigned a seniority date of July 3, 1973. In February, 1974, plaintiff and Snow were promoted to locomotive engineers. Both were placed on the engineer's seniority roster in the same order as assigned on the firemen's roster of January 1, 1974. This alteration in seniority had apparently been made pursuant to an agreement between the Railroad and the UTU.

The BLE protested the seniority change on behalf of the plaintiff. The Railroad refused to arbitrate this issue and the BLE

subsequently instituted proceedings before the National Mediation Board. These proceedings ultimately resulted in an appearance by the Railroad and the BLE before a Public Law Board (Board No. 1518). The issue before Board No. 1518 was the priority of seniority and this Board found in favor of the plaintiff.

Subsequent to this decision, the Railroad and the UTU brought the same issue before a second Public Law Board (Board No. 1810). This Board ordered that Snow once again be placed ahead of plaintiff on the seniority roster. At the present time, the BLE has initiated proceedings for yet another hearing before a Public Law Board to relitigate this question of seniority.

Plaintiff, in the first count of his complaint, seeks enforcement of the Board No. 1518 award and a declaration that the award of Board No. 1810 is null and void. In his second count, plaintiff seeks relief against the UTU for breach of the duty of fair representation. In the third count of the complaint, plaintiff seeks relief against the Railroad for breach of its contract with BLE.

■ The defendants contend, relying principally upon *Nix v. Specter Freight Systems, Inc.*, 264 F.2d 875 (3d Cir. 1959), and other decisions where the individuals not before the court have had a direct interest in the subject matter of the litigation, that Snow must be joined because his seniority will be directly affected by the decision of this court. The defendants have also supplied the court with an affidavit which sets forth the fact that Snow is a domicile of the State of New Mexico and he is not subject to the process of this court.

The plaintiff contends, relying principally upon *Butler v. Local U. 823, Int. Bro. of Teamsters*, 514 F.2d 442 (8th Cir. 1975), that the presence of Snow's union as a party, the UTU, is sufficient to secure the presentation of Snow's interests. The *Butler* court, when confronted with an argument of failure to join the individual union members, this argument advanced for the first time on appeal, reviewed the record in the action below and found that the non-parties' interests had received adequate and just representation. The court further found that the rule announced in *Nix, supra*, required only that the union or its members be made parties.

The court has examined the authorities presented by the parties, and conducted its own review of the relevant precedent, and has found no dispositive or controlling guidance. It is obvious to the court, however, that Snow claims an interest in the subject matter of this action and is so situated that the disposition of the action in his absence not only would impair or impede his ability to protect his seniority interest, but might actually terminate this interest. The court is also persuaded that, in light of the plaintiff's claim of a breach of the UTU's duty of fair representation, the interests of the UTU and Snow are not identical in this litigation. For this reason the court concludes that it cannot rely upon the UTU to insure that Snow's interests are presented, and insure the basic fairness of these proceedings. *See generally Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149 (7th Cir. 1979); *Burlington Northern, Inc. v. Am. Ry. Sup'rs Assn.*, 527 F.2d 216 (7th Cir. 1975). For the aforementioned reasons, the court concludes that Snow is a person needed for just adjudication of this litigation under Rule 19(a), Fed.R.Civ.P.

■ The defendants have presented the court with an affidavit, uncontested by plaintiff, that Snow is not subject to the jurisdiction of this court, but is, however, subject to the jurisdiction of the state courts of New Mexico and the federal courts sitting therein. For this reason, the court must determine whether in equity and good conscience this action should proceed or be dismissed. The factors relevant to this determination are set forth in Rule 19(b), Fed.R.Civ.P. *See also Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

The court has already determined that a judgment rendered in this cause would be prejudicial to the interests of Snow. The

relief sought seeks, as a practical matter, an adjudication of his seniority interests. In addition, the court does not find that the interests of the UTU and Snow are sufficiently identical to allow the court to proceed absent joinder of Snow. Even if the court were to assume that the UTU's representation would be adequate, "such representation in absentia may not provide sufficient protection unless the court is also able to shape protective remedies." *Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1153 (7th Cir. 1979). Adjudication of the present controversy could not be fashioned in a manner which would protect Snow.

The court also believes that dismissal of this action would not deprive plaintiff of his remedy. Plaintiff can refile this action in a New Mexico court and obtain jurisdiction over Snow. Plaintiff has not suggested that the other parties to this action would not also be subject to the jurisdiction of a New Mexico court. The court is aware of the fact that the period of limitations has run, however, ch. 23 § 1–14 of the New Mexico Statutes provides for reinstatement of this proceeding within six months of a dismissal by this court, and Rule 15(c), Fed. R.Civ.P., allows for an amendment adding Snow as a party under the circumstances of this case. *See generally, Lowry v. International Brotherhood*, 220 F.2d 546 (5th Cir. 1955).

For the foregoing reasons, the defendants' motion to dismiss pursuant to Rule 19(b), Fed.R.Civ.P., is GRANTED. This dismissal is without prejudice.

IT IS SO ORDERED.