**DIAMOND GLASS CORPORATION,**
**Petitioner-Appellee,**

v.

**GLASS WAREHOUSE WORKERS AND PAINT HANDLERS LOCAL UNION 206, Respondent-Appellant.**

**No. 744, Docket 81–7785.**

United States Court of Appeals, Second Circuit.

Argued March 17, 1982.

Decided May 28, 1982.

---

Robert A. Cantore, New York City (Vladeck, Waldman, Elias & Engelhard, P.C., New York City, on the brief), for respondent-appellant.

Jeffrey M. Bernbach, New York City, on the brief, for petitioner-appellee.

Before TIMBERS, MESKILL and KEARSE, Circuit Judges.

PER CURIAM:

Respondent Glass Warehouse Workers and Paint Handlers Local Union 206 (the "Union") appeals from a final judgment of the United States District Court for the Southern District of New York, Pierre N. Leval, *Judge*, permanently enjoining arbitration of a labor dispute between the Union and petitioner Diamond Glass Corporation (the "Company") pursuant to the Union's notice of intention to arbitrate dated May 4, 1981. For the reasons below, the judgment is affirmed.

The Union and the Company were parties to a collective bargaining agreement covering the period April 1, 1978, to March 31, 1981 (hereinafter sometimes the "expired agreement"). After the agreement expired on March 31, 1981, the Company refused to bargain with the Union with respect to terms and conditions of employment, asserting that only one Company employee was a member of the unit represented by the Union and that the Company therefore did not believe the Union represented a majority of the employees in the bargaining unit.

Five weeks after the contract expired the Union sent the Company a letter notifying it that the Union intended to submit to arbitration a complaint concerning the Company's

> failure and/or refusal to pay proper wages and contributions to *all* employees in the bargaining unit, or, in the alternative, the improper assignment of bargaining unit work to nonbargaining unit employees.

(Letter dated May 4, 1981; emphasis in original) (hereinafter "arbitration notice"). The Company immediately sought a stay of arbitration and the vacation of the arbitra-

tion notice, pointing out that the collective bargaining agreement had expired on March 31, 1981.[1] The Company asserted that it did not know to what act or practices the Union's complaint related, and it alleged that to the extent that the complaint related to the Company's refusal to negotiate or enter into a new agreement with respect to wages and work conditions, the Company had never agreed to submit such a complaint to arbitration.

The Union moved for summary judgment compelling arbitration. Its motion provided no greater detail than did the notice of arbitration as to the underpinnings of its complaint, but merely stated the qualified conclusion that the dispute "arguably arises under the collective bargaining agreement." At oral argument, the district court sought to determine whether the matters referred to in the arbitration notice were covered by the expired agreement. To this end, it "invited the Union to submit affidavits demonstrating that the dispute sought to be arbitrated arises under the arbitration contract." District court opinion dated July 27, 1981, at 3. Notwithstanding the court's invitation, the Union refused to provide any information. *Id.*

Because of the cryptic nature of the notice and the Union's failure to submit an "affidavit or other proof . . . to show that the facts in dispute occurred during the tenure of the arbitration agreement or that the rights in dispute arise under it," *id.* at 5, there was no evidence that the matters covered by the Union's notice were the subject of any arbitration agreement by the Company. The court also found no *a priori* basis for inferring that these matters related to the period covered by the expired agreement or to rights arising under that agreement, rather than to the five-week period thereafter and to matters as to which there was no agreement to arbitrate. Accordingly, the court denied the Union's motion for summary judgment and granted an injunction against arbitration.

On appeal the Union argues, as it did below, that it was not required to provide the court with any information concerning the provenance of its complaint because federal policy so favors arbitration of labor disputes, *e.g., Nolde Bros. v. Local No. 358, Bakery and Confectionery Workers Union,* 430 U.S. 243, 254, 97 S.Ct. 1067, 1073, 51 L.Ed.2d 300 (1977); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960), that arbitrability here should have been presumed. The Union's position is untenable.

■ While there is indeed a strong national policy favoring the arbitration of labor disputes, there is no general duty to submit a labor dispute to arbitration. Rather, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of America v. Warrior & Gulf Navigation Co., supra,* 363 U.S. at 582, 80 S.Ct. at 1352. Whether the parties have agreed to arbitrate a given dispute is a question that must be decided by the court " 'on the basis of the contract entered into by the parties.' " *Rochdale Village, Inc. v. Public Service Employees Union, Local No. 80,* 605 F.2d 1290, 1294 (2d Cir. 1979) (quoting *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962)).

■ The collective bargaining agreement between the parties to the present proceeding provided for the arbitration of "complaint[s] . . . concerning the meaning or application of or compliance with any Article or Section of this agreement." (Article XX.) The Union's arbitration notice made no reference to any article or section of the expired agreement. It did not assert that the Company had failed to comply with the expired agreement. It revealed no details suggesting that the events complained of had occurred during the term of the expired agreement. Nor did it state that the dis-

---

1. The proceeding was commenced by the Company in New York State Supreme Court; it was removed by the Union to federal court pursu-ant to 28 U.S.C. § 1441 (1976) and 29 U.S.C. § 185 (1976).

pute related to any right arising under the expired agreement. *See Nolde Bros., supra* (severance pay dispute arising after termination of agreement was arbitrable under contract committing "all grievances" to arbitration, where right to such pay was earned during the term of the agreement). In short, nothing in the arbitration notice linked the Union's complaint to the expired agreement, which was the only source of an obligation on the part of the Company to submit any dispute to arbitration.

In arguing that arbitrability should simply have been presumed, the Union relies on language from cases such as *United Steelworkers of America v. Warrior & Gulf Navigation Co., supra*, that

> [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*Id.*, 363 U.S. at 582–83, 80 S.Ct. at 1352–53 (footnote omitted). The Union's reliance is misplaced, however, for such formulations are found in cases in which at least some factual details of the dispute are known, and what is in doubt is the applicability of the contract's language to "the particular grievance." We are aware of no teaching that where the contract has ended the court must presume that a complaint as to which no particulars are given relates to the period of, or to rights arising under, the expired contract.

In the circumstances of the present case, the collective bargaining agreement having expired and been followed by several weeks of controversy between the Company and the Union, there is, as the district court stated, "no logical indication" that the Union's complaint relates to the period, or to rights, covered by the expired agreement. The judgment of the district court enjoining arbitration is affirmed. The Company's request for an award of double costs on this appeal is denied.