702 F.2d 824
 112 L.R.R.M. (BNA) 3316, 96 Lab.Cas. P 14,163
 The O'CONNOR COMPANY, INC., Plaintiff-Appellee,
v.
CARPENTERS LOCAL UNION NO. 1408 OF THE UNITED BROTHERHOOD OF
CARPENTERS & JOINERS OF AMERICA, AFL-CIO; 46 Northern
California Counties Conference Board of the United
Brotherhood of Carpenters & Joiners of America, AFL-CIO,
Defendants-Appellants.
 No. 82-4201.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 14, 1983.
Decided March 29, 1983.
 
 1
 Michael B. Roger, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for defendants-appellants.
 
 
 2
 Morton H. Orenstein, Voltz, Cook & Orenstein, San Francisco, Cal., for plaintiff-appellee.
 
 
 3
 Appeal from the United States District Court for the Northern District of California.
 
 
 4
 Before GOODWIN and SNEED, Circuit Judges, and REED,* District Judge.
 
 REED, District Judge:
 
 5
 Plaintiff, The O'Connor Company, (Company) brought an action in the Superior Court for the County of San Mateo, California, seeking a declaratory judgment that it was not required to submit a certain grievance to arbitration with defendant Carpenters Local Union No. 1408 (Union). The action was removed to the U.S. District Court for the Northern District of California in accordance with Sec. 301 of the National Labor Relations Act, 29 U.S.C. Sec. 185 and 28 U.S.C. Sec. 1441.
 
 
 6
 The Company and the Union were parties to a collective bargaining agreement which expired on June 15, 1980. The grievance in question, filed in April of 1981, concerned a complaint that the Company had maintained non-union employees at a job site on March 31, 1981.
 
 
 7
 The expired collective bargaining agreement contained a provision requiring the Company to arbitrate certain grievances. The Union contends that even though the collective bargaining agreement had terminated, the obligation to arbitrate continued, even as to matters occurring after termination of the agreement. Termination of a collective bargaining agreement does not necessarily extinguish a party's duty to arbitrate grievances arising under the contract. Nolde Brothers, Inc. v. Local No. 358 Bakery & Confectionary, 430 U.S. 243, 251, 97 S.Ct. 1067, 1071, 51 L.Ed.2d 300 (1977).
 
 
 8
 The question now before the Court is whether the Company in this case had a continuing obligation to arbitrate grievances which arose after the expiration of the collective bargaining agreement. This question must be answered in the negative.
 
 
 9
 Clearly, federal policy favors arbitration of labor disputes. See e.g., Nolde Brothers, Inc. v. Local No. 358 Bakery and Confectionary Workers Union, supra, 430 U.S. at 254, 97 S.Ct. at 1073. Even so, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). The Union's position in this case is untenable because the labor dispute involved here arose following termination of the old agreement and was not covered by that contract. See Diamond Glass Corporation v. Glass Warehouse & Paint Handlers Local Union 206, 682 F.2d 301 (2nd Cir.1982). It is axiomatic that an agreement to arbitrate found in a terminated labor contract and arising after the contract terminated cannot be applied to a grievance which the parties have not agreed would be subject to arbitration after expiration of the contract. The Company was not a party or signatory to a subsequent 1980-1983 carpenters master agreement (which we assume the Union had apparently negotiated with other employers) and was not required to arbitrate any grievance claimed to have arisen under that agreement.
 
 
 10
 Finally, the district judge was also correct in finding that the Company was not bound to the 1980-1983 master agreement under the doctrine of estoppel. The Company by its conduct subsequent to the termination of the 1977-1980 agreement did not make manifest its intent to be bound by the subsequent agreement it never executed. The Company continued making Union trust fund contributions, hiring carpenters at the Union hiring hall, and paid increased wages and fringe benefits consistent with the new collective bargaining agreement. Under the circumstances, this did not indicate a consent to be bound by the new agreement.
 
 
 11
 It appears that the Company's continued payment of trust fund contributions were required by the National Labor Relations Act. The payment of increased wages and fringe benefits and hiring of the carpenters from the Union hiring hall following complete and unequivocal termination of the 1977-1980 agreement does not indicate consent by the Company to be bound by the new agreement.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., United States District Judge, District of Nevada, sitting by designation